UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Kevin M. LoVecchio<br>2801 Lee Highway, #301<br>Arlington, VA 22201,<br><br>            Plaintiff,<br>   v.<br><br>Washington Metropolitan Area Transit<br>Authority (a/k/a/ "WMATA")<br>600 Fifth Street NW<br>Washington, DC 20001,<br><br>            And<br><br>John Doe Corporations 1-10 (fictitious)<br><br>            And<br><br>John Does 1-10 (fictitious)<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case Number |

## COMPLAINT FOR DAMAGES
## (NEGLIGENCE AND RES IPSA LOQUITOR)

### JURISDICTION AND VENUE

1.      Jurisdiction in this Court is founded on the Washington Metropolitan Area Transit Regional Compact, which establishes original jurisdiction in this Court over actions brought against WMATA pursuant to WMATARC Article XVI § 81, codified in District of Columbia law as D.C. Code Ann. § 9-1107.10.

2.      Venue in this Court is proper as the negligent acts and/or omissions committed by Defendant WMATA occurred in the District of Columbia and the Plaintiff was injured in the District of Columbia.

## PARTIES

3.      At all times relevant herein, Plaintiff Kevin M. LoVecchio was an adult citizen and resident of the Commonwealth of Virginia.

4.      Defendant Washington Metropolitan Area Transit Authority ("WMATA") was created by the Washington Metropolitan Area Transit Authority Compact ("WMATA Compact"), D.C. Code §§ 9-1107.01 *et seq.*, signed by the District of Columbia, Maryland, and Virginia.

5.      At all times relevant herein, Defendant WMATA was the owner of the Metro subway system being operated by its employees, who were acting within the course and scope of their employment and/or agency with WMATA.

6.      At all times relevant herein, Defendant WMATA owned, operated, and maintained the Metro subway station with an entrance at 13th Street and G Street Northwest in the District of Columbia, known as the "Metro Center" station.

7.      WMATA is liable for its negligent acts and/or omissions and those of its Directors, officers, employees and agents committed in the conduct of any proprietary function.  D.C. Code Ann. § 9-1107.01 (80).

8.      The operation and maintenance of Metro subway stations and the supervision and training of employees and agents are proprietary functions within the meaning of the WMATA Compact.

9.      One or more as yet unidentified "John Doe" corporations or individuals may also be liable for the claims made in this Complaint.

## FACTS

10.     On the afternoon of August 31, 2015, after riding a WMATA train to the Metro Center Station in the District of Columbia, Plaintiff Kevin M. LoVecchio exited the pay gates, located below ground at 13th Street and G Street Northwest, and walked toward the escalators to exit the station.

11.     A graduate of State University of New York at Genesco and Harvard Law School, Mr. LoVecchio has been employed as an Associate attorney at the law firm of Williams & Connolly LLP since January 2009.

12.     Mr. LoVecchio is an attorney and a member in good standing of the bars of the State of New York and the District of Columbia.

13.     At approximately 1:15 pm, as he walked through the threshold at the base of the escalators located below ground at 13th Street and G ST NW, Mr. LoVecchio was struck in the head by a large falling metal object.

14.     Upon information and belief, a metal pole that was part of the machinery used to close the entrance to the station at the base of the escalators (a.k.a. the "frontgate track"), fell from the location on the side of the threshold where it was housed, and violently struck Mr. LoVecchio before crashing to the ground.

15.     These events were captured by at least one camera, owned, controlled, and/or operated by defendant WMATA.

16.     Upon information and belief, there was a metal door with a lock on the compartment on the right vertical side of the threshold in which the metal pole that struck Mr. LoVecchio was housed.  Although that compartment was capable of being closed and locked, the compartment was open when the pole fell and violently struck Mr. LoVecchio.

17.     Mr. LoVecchio had no knowledge of the machinery used to close the entrance to the station at the base of the escalators (a.k.a. the "frontgate track"), let alone that such machinery could pose a grave danger of falling on unsuspecting passersby.

18.     Defendant WMATA knew or should have known that the machinery used to close the entrance to the station at the base of the escalators (a.k.a. the "frontgate track") could pose a danger to passengers and passersby if not properly maintained and secured.

19.     After being struck by the object, Mr. LoVecchio stumbled onto the upward traveling escalator, and rode the escalator to street level where he received assistance from passing individuals.

20.     Upon information and belief, at some point after Mr. LoVecchio reached street level, employees of Defendant WMATA removed the metal pole that struck Mr. LoVecchio from its location on the floor of the station, and secured the door to the compartment on the right vertical side of the threshold.

21.     Eventually, emergency services responded to a 9-1-1 call to help Mr. LoVecchio. He was treated on scene and then taken by ambulance to the trauma center at George Washington University Hospital.

22.     Upon information and belief, the District of Columbia Metropolitan Police Department were notified of the incident, responded, and a police report concerning the incident was completed and retained by the Metropolitan Police Department.

23.     As a result of being struck by the falling metal object, Mr. LoVecchio sustained severe and prolonged bodily injuries, ████████████████████████████████ ████████████████████████████████████████ ████████████████████████

24.     As a result of these injuries, Mr. LoVecchio has been caused to incur and will continue to incur medical, therapeutic, and related expenses, has been caused to undergo and will undergo in the future physical and mental pain and suffering, and has been and will continue to be prevented from engaging in his usual and customary activities.

25.     As a further result of these injuries, Mr. LoVecchio has been unable to continue his work as an Associate attorney at the law firm of Williams & Connolly LLP, causing loss of income and of probable future earnings and other economic and non-economic damages recoverable under the applicable District of Columbia law.

### COUNT I (Negligence)

26.     Plaintiff incorporates, by reference, paragraphs 1 through 25, as if fully restated herein.

27.     Plaintiff further alleges that on August 31, 2015 and prior thereto, Defendant WMATA was responsible for maintaining and ensuring the safe use and proper condition of the Metro Center station property.

28.     Plaintiff further alleges that on August 31, 2015 and prior thereto, Defendant WMATA owed a reasonable duty of care to its passengers including Mr. LoVecchio.

29.     Plaintiff further alleges that Defendant WMATA breached these duties in some or all of the following ways:

      a.     By failing to properly inspect and maintain the machinery used to close the entrance to the station at the base of the escalators (a.k.a. the "frontgate track");

    b.    By failing to properly inspect and maintain the compartment door and lock containing the machinery used to close the entrance to the station at the base of the escalators (a.k.a. the "frontgate track");

    c.    By failing to properly train and supervise its agents, servants, and/or employees in the proper maintenance and use of the machinery used to close the entrance to the station at the base of the escalators (a.k.a. the "frontgate track");

    d.    By failing to warn passengers, invitees, and visitors to its Metro Center station of the unsafe and hazardous condition of the threshold at the base of the escalator and stair entrance to the Metro Center station;

    e.    By failing to comply with applicable laws, ordinances and regulations with respect to use of streets, highways and all other vehicular facilities, traffic control and regulation, zoning, signs and buildings; and

    f.    By otherwise negligently, carelessly, and wrongfully failing to take reasonable precautions to protect its passengers, invitees, and visitors to its Metro Center station from injury.

30.    As a direct and proximate result of Defendant WMATA's negligence, Mr. LoVecchio was gravely injured, and suffered and continues to suffer damages and losses as described above.

## COUNT II (Res Ipsa Loquitur)

31.    Plaintiff incorporates, by reference, paragraphs 1 through 30, as if fully restated herein.

32.    Plaintiff further alleges that the metal object that caused the injuries to Plaintiff Kevin M. LoVecchio was at all times under the exclusive control of Defendant WMATA, and that this is the type of accident would not occur unless the persons exercising control had been negligent, and as such, Plaintiff relies on the doctrine of res ipsa loquitur.

33.    As a direct and proximate result of Defendant WMATA's negligence, Mr. LoVecchio was gravely injured, and suffered and continues to suffer damages and losses as described above.

**WHEREFORE**, Plaintiff Kevin M. LoVecchio, demands judgment against Defendant WMATA in the full and just amount of $ 50,000,000.00, plus interests and costs, and any other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues herein.

By _____

Stephen Urbanczyk
DC Bar No: 967521
WILLIAMS AND CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

*Attorneys for Plaintiff Kevin M. LoVecchio*

Dated: November 17, 2016