**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **KEVIN M. LOVECCHIO** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 1:16-CV-02374 CKK** |
| | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**CONSENT PROTECTIVE ORDER & CONFIDENTIALITY AGREEMENT**

Whereas, Plaintiff Kevin M. LoVecchio ("Plaintiff") and Defendant Washington Metropolitan Area Transit Authority ("WMATA") (hereinafter referred to individually as "party" and collectively as "the parties"), seek to protect the confidentiality of testimony given and discovery material and information produced in the above captioned action (the "Action"), while at the same time seek to expedite the exchange of relevant information;

Whereas the parties may seek discovery of documents, electronically stored information, tangible things, or information that is privileged or otherwise protected from discovery pursuant to the attorney-client privilege, the work product doctrine, the consulting expert rule, doctor-patient privilege, or any other applicable privilege, protection, or immunity;

Whereas, the parties may seek discovery of documents, electronically stored information, tangible things, or information that may contain or relate to other confidential or proprietary information such as commercial or financial information;



(N)

Whereas, the parties desire to ensure that such confidential information shall be used only for the purposes set forth in Section VI of this Protective Order and shall not be disclosed or used in any other way;

Therefore, the parties have stipulated and agreed to the terms hereof, and jointly moved this Court pursuant to the Federal Rules of Civil Procedure for entry of the following Protective Order, and the Court having found that, in light of the nature of the competitively sensitive information that may be sought in discovery, good cause exists for the entry of the following Protective Order,

For good cause shown, IT IS HEREBY ORDERED AS FOLLOWS:

**I. Scope.**

This Protective Order ("Order") shall govern the production and exchange of all documents, tangible things, deposition testimony, interrogatory answers, responses to requests for admissions, written responses to requests for production of documents, and other information produced, disclosed, given or exchanged by and among the parties and/or third parties (collectively "Producing Parties") to another party or parties ("Receiving Parties") in the course of this action. Persons who are not parties to this Action, but who are required to produce documents or provide testimony in response to a subpoena in connection with this Action, or who voluntarily produce documents or provide testimony in connection with this Action, shall be entitled to invoke the provisions of this Order as if such non-party were a party to this Action.

**II. Protected Material.**

Materials designated as Confidential or Attorneys' Eyes Only are collectively referred to herein as "Protected Material."

**A. Confidential Information.**

The following may be designated "Confidential", provided the information was maintained as confidential and the party has a legitimate interest in maintaining its confidentiality:

(1) Non-public private medical or personal information;

(2) Non-public financially sensitive information;

(2) Non-public commercially-sensitive information; and

(5) Information implicating the privacy interests of a party or third party.

**B. Attorneys' Eyes Only Information.**

The designation "Attorneys' Eyes Only" shall be limited to highly sensitive medical, personal, financial, commercial, or proprietary information that, if improperly disclosed, could cause future business or financial harm to the Producing Party and documents or information, the production or disclosure of which may violate a legal or contractual obligation of non-disclosure to a third party.

**III. Designation of Protected Material.**

A Producing Party shall designate as "Confidential" or "Attorneys' Eyes Only" only such information or documents or things or portions thereof that it reasonably and in good faith believes constitute or contain information that falls within these definitions. Information may be designated as "Confidential" or "Attorneys' Eyes Only" in one or more of the following ways by Producing Parties:

A. Documents produced or otherwise made available by Producing Parties, that have been stamped or otherwise designated "Confidential" or "Attorneys' Eyes Only";

B. Electronic documents produced by Producing Parties that are electronically or otherwise designated as "Confidential" or "Attorneys' Eyes Only";

C. Responses to interrogatories or requests for admission or written responses to requests for production of documents identified by marking the relevant pages or portions "Confidential" or "Attorneys' Eyes Only";

D. Any deposition transcripts or portions thereof that a party or third party designates as Confidential or Attorneys' Eyes Only by stating on the record at the deposition that the testimony is Confidential or Attorneys' Eyes Only and is subject to the provisions of this Order. In addition to any designation made at the deposition, each deposition transcript in this action shall be provisionally deemed Confidential Information from the date of the deposition through thirty (30) days after both parties have received the transcript. Any party or deponent may designate deposition transcripts or portions thereof as Confidential or Attorneys' Eyes Only by notifying all of the parties, in writing, within those thirty (30) days.

E. Any documents, information, or testimony designated as Confidential or Attorneys' Eyes Only by order of the Court.

**IV. Protections Afforded Protected Material.**

Protected Material shall be maintained in confidence by the persons to whom it is furnished and may be disclosed by such persons only to other persons entitled to have access to the Protected Material under the provisions of this Order. Any person who discloses Protected Material permitted under this Order shall, before disclosure, advise the person to whom Protected Material is to be disclosed of the contents of the Order, and when required, obtain the person's signature on Exhibit A.

**A. Confidential Information.**

Materials designated "Confidential" shall not be given, shown, made available, communicated, or disclosed to anyone other than:

(1) The counsel advising or representing any party in this litigation, including in-house counsel of the party who supervise or assist in this action, and their associated paralegals, legal assistants, and staff members working on the action;

(2) Independent consultants and/or experts retained by the parties to work on the action, provided that, before any disclosure is made, she/he must execute Exhibit A;

(3) Employees to the extent such employees reasonably require access to the materials for assisting in the litigation;

(4) Former employees to the extent such former employees reasonably require access to the materials for assisting in the litigation provided that, before any disclosure is made, she/he must execute Exhibit A;

(5) Stenographic reporters and videographers engaged for depositions or other proceedings necessary to the conduct of the action;

(6) Such persons as counsel of record for all parties shall consent to in writing or on the record prior to the proposed disclosure;

(7) The Court and Court personnel, and any court of competent appellate jurisdiction;

(8) Any mediator who is engaged to assist the parties in settlement negotiations, provided that, before any disclosure is made, she/he must

execute Exhibit A;

(9) Employees of third-party vendors and/or contractors involved solely in one or more aspects of organizing, filing, copying, coding, converting, storing, or retrieving data, so long as each respective vendor or contractor has a general confidentiality agreement in place with retaining counsel;

(10) Deponents and their counsel, after such persons have executed Exhibit A (execution of Exhibit A will be unnecessary if the deponent is employed by the Producing Party or is already obligated to comply with the terms of this Order), provided that all persons not entitled to view the information shall leave the room for the portion of the deposition concerning Confidential Information; and

(11) Persons who are identified in the materials designated "Confidential" as having previously had access to or previously seen the materials.

**B. Attorneys' Eyes Only Information.**

Materials designated "Attorneys' Eyes Only" shall not be given, shown, made available, communicated, or disclosed to anyone other than:

(1) The counsel advising or representing any party in this litigation, including in-house counsel of the party who supervise or assist in this action, and their associated paralegals, legal assistants, and staff members working on the action;

(2) Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the action;

(3) Such persons as counsel of record for all parties shall consent to in writing

or on the record prior to the proposed disclosure;

(4) The Court and Court personnel, and any court of competent appellate jurisdiction; and

(5) Employees of third-party vendors and/or contractors involved solely in one or more aspects of copying, converting, storing, or retrieving data, provided that, each respective vendor or contractor has a general confidentiality agreement in place with retaining counsel;

(6) Independent consultants and/or experts, retained by the Parties to work on the action, provided that, before any disclosure is made, she/he must execute Exhibit A.

(7) Persons who are identified in the materials designated "Attorneys' Eyes Only" as having previously had access to or previously seen the materials.

**C. Use of Confidential or Attorneys' Eyes Only Information.**

Nothing in this Order shall preclude a party from using Confidential Information in the preparation of a witness for a deposition if that witness qualifies to view the materials pursuant to Section 4(A) or the counsel seeking to use Confidential Information has a good faith basis for believing that the witness has relevant knowledge relating to such Confidential Information. Such witness must execute Exhibit A before any disclosure is made unless the witness qualifies for access to the Confidential Information under a provision of Section 4(A) that does not require that the witness execute Exhibit A. In addition, nothing in this Order shall preclude a party from using Attorneys' Eyes Only Information in the preparation of a witness for a deposition if that witness qualifies to view the materials pursuant to Section 4(B)(3), 4(B)(6), or 4(B)(7).

**D. No Preclusion Implied.**

Nothing in this Order shall preclude a Producing Party from seeking additional protection from the Court. Additionally, nothing herein shall prevent disclosure beyond the terms of this Order if the Producing Party designating the Protected Material consents to such disclosure, or if the Court, after notice to all parties (and, if appropriate, to third parties producing materials in response to a subpoena) orders such disclosure.

**V. Objections to Designations and Disclosure.**

**A. Protected Material Generally.**

A Receiving Party's acceptance of material designated as Protected Material by a Producing Party shall not constitute an admission or create an inference that the material is Confidential or Attorneys' Eyes Only. If a dispute arises as to the designation of materials as Confidential or Attorneys' Eyes Only, the Parties agree to attempt to resolve the dispute informally. The party objecting shall notify the Producing Party of its objection(s) in writing. The objection(s) shall include the specific materials objected to and the basis for the objection. Within ten (10) business days of receipt by the Producing Party of the written objection(s), the parties shall meet and confer concerning the objection(s). If the objection(s) are not resolved, the Receiving Party may petition the Court to resolve the dispute. These time limits may be extended by written agreement of the parties. The party asserting the designation bears the burden of proving that the materials should be designated as "Confidential" or "Attorneys' Eyes Only." Until the dispute is resolved, the parties shall treat materials designated as Confidential or Attorneys' Eyes Only pursuant to the terms of this Order applicable to "Confidential" or "Attorneys' Eyes Only" information.

**B. No Obligation to Object.**

No party shall be obligated to challenge the propriety of any individual designation, and failure to do so promptly shall not preclude any subsequent objection to such designation or a motion to seek a determination as to the propriety of such designation or to otherwise modify the provisions of this Order. A non-designating party's failure to object or decision not to object to a party's designation of Information as "Confidential" or "Attorneys' Eyes Only" shall not be deemed a concession or admission that such Information meets the requirements of such terms as defined herein. Furthermore, no designation of Information as "Confidential" or "Attorneys' Eyes Only," objection to such designation, or failure to object to such designation shall be admissible evidence at any hearing or trial.

**VI. Use of Protected Material.**

**A. Purposes for Which Protected Material May Be Used.**

Protected Material shall be used solely for the preparation, trial, appeal, mediation and/or settlement of this action. All summaries, compilations, notes, copies, electronic images, or databases containing information designated as Protected Material shall be subject to the terms of this Order to the same extent as the Protected Materials themselves.

**B. Use of Protected Materials in Pleadings or Other Submissions.**

In the event that a party, in good faith, determines that it is necessary to use any Protected Materials in a motion, declaration, affidavit, brief, memoranda of law to be filed with the Court, or in any other paper to be included in the court record that reproduces, paraphrases, summarizes or encloses Protected Material, the party shall file a motion seeking to disclose the Protected Materials to the Court *in camera* or by such other means as the Court may deem appropriate. Such motion may disclose the general nature, but shall not disclose the substance, of the

Protected Material at issue. The parties will also comply with the governing rules relative to the format of any designated sensitive information filed with the Court.

**C. Use of Protected Material at Trial or Hearings.**

This Order shall not prevent any Protected Material from being used by the Court or counsel at any hearing in this action, or from being offered and received into evidence at trial, provided that such use is made only in accordance with such appropriate procedures as may be approved by the Court. The parties agree that they will notify the Court and each other of their intent to use "Confidential Information" at a hearing or trial at the time the hearing or trial commences and attempt to reach agreement regarding the procedures to be recommended to the Court to preserve the confidentiality of the said information during the course of the hearing or trial and thereafter.

**D. Use by Persons Producing the Protected Material.**

Nothing in this Order is intended to limit the rights of any party from which Protected Material has originated to use its own Protected Material in any way such party sees fit.

**VII. Error in Designation.**

If a Producing Party inadvertently fails to designate certain information as Confidential or Attorneys' Eyes Only or inadvertently makes an improper designation, as determined in the sole discretion of the Producing Party, the Producing Party shall promptly notify the Receiving Party in writing, specifically identifying the information at issue, and shall provide to the Receiving Party replacement documents marked as required in this Order. The Receiving Party shall return or destroy all originals and copies of the materials inadvertently produced and take reasonably necessary steps to assure confidentiality of the Protected Material and shall retrieve the Protected Material from individuals to whom disclosure was made but would not have been

permitted had the material been originally designated properly. The inadvertent disclosure of Protected Material without appropriate designation at the time of production or disclosure shall not be deemed a waiver in whole or in part of a Producing Party's claim of protection, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

**VIII. Inadvertent Disclosure of Material that is Privileged or Otherwise Protected from Discovery.**

The parties must identify a large volume of documents and other materials to be retrieved, collected, reviewed and made available for review and copying by the opposing party. In order to preserve the rights of all parties and to permit the matter to proceed in accordance with the rules and schedule prescribed by the Court, pursuant to Federal Rule of Evidence 502, the Court hereby orders:

A. Each party shall make best efforts to identify all information that it deems privileged or subject to work product protection and to assert the privilege or protection if appropriate.

B. If information subject to a claim of attorney-client privilege, accountant-client privilege, work product protection, or other immunity from discovery is inadvertently or mistakenly disclosed or produced by the Producing Party, after the Producing Party took reasonable steps to prevent disclosure (hereinafter referred to as "inadvertently disclosed information"), such disclosure or production shall in no way constitute a waiver or forfeiture of, or estoppel as to, any claim of privilege or work product protection or immunity for such information and its subject matter.

C. In the event that a Receiving Party discovers that a Producing Party has produced inadvertently disclosed information that bears indicia of privilege (attorney-client, accountant-client, or work product), it shall promptly so notify the Producing Party through its undersigned counsel.

D. If the Producing Party asserts that inadvertently disclosed information was privileged or otherwise immune from discovery, the Receiving Party shall return the information and all copies thereof and destroy any electronic records (other than portions of back-up tapes, which should be destroyed in accordance with standard retention policies) or that portion of any notes or memoranda that reflect the substance of the information within ten (10) business days of such request, and provide a certification of counsel that all such inadvertently disclosed information has been returned or deleted and/or destroyed.

E. Within ten (10) business days of the certification that such inadvertently disclosed information has been returned or deleted and/or destroyed, the Producing Party shall provide a privilege log with respect to the inadvertently disclosed information. The Producing Party will maintain copies of all inadvertently disclosed information until any and all challenges to the Producing Party's privilege assertions regarding that information have been resolved by the Court.

F. No Receiving Party will assert that the fact that it has been permitted to review or receive inadvertently disclosed information constitutes a waiver of any right, privilege, or other protection that the Producing Party had or may have had in this or any other Action. In thereafter seeking production of the inadvertently

disclosed information, the Receiving Party shall not assert waiver or estoppel as a ground for such production. Nor shall the Producing Party use the inadvertently disclosed information as a basis for arguing for the Receiving Party's disqualification.

**IX. Final Termination of this Action.**

Within 60 days after the final termination of this Action, including completion of all post-judgment discovery and all appeals, all Protected Material, all copies of such Protected Material, and all excerpts, summaries, abstracts, or compilations thereof other than the work product of the parties' counsel, shall be returned to the party that produced the information. As an alternative to returning Protected Material, a party may destroy all such materials and certify under oath that all Protected Material has been destroyed. Notwithstanding the foregoing provisions, counsel for the parties may maintain in their files one copy of each pleading, motion, brief, deposition transcript or other paper filed with the Court along with an index of such Court papers. Additionally, all notes, memoranda, summaries, or other materials setting forth, summarizing, or paraphrasing Protected Material shall be destroyed, except that outside counsel for the parties may maintain attorney work product such as summaries or abstracts of discovery materials that contain counsel's mental impressions or opinions subject to the terms of this Order. Notwithstanding the foregoing, any portions of back-up tapes containing Protected Material should be destroyed in accordance with standard retention policies. Any Protected Material retained pursuant to this paragraph will remain subject to the terms of this Order until it is destroyed.

**X. Modifications.**

The terms of this Order are subject to modification, extension, or limitation as agreed to by all parties in writing, provided that all parties join in such modification, extension, or limitation with respect to its Protected Material, or by order of the Court.

**XI. Nature of Order and Jurisdiction.**

This Order shall, absent written consent of the parties hereto, continue to be binding after the conclusion of this action. After the conclusion of this action, the parties may bring an action to enforce this agreement only in this Court.

**SO ORDERED:**

Dated: March 13, 2017.

COLLEEN KOLLAR-KOTELLY
United States District Judge

**Read and approved by:**

Date: March 9, 2017

*/s/ Cassandra Fields*

Stephen Urbanczyk
DC Bar No. 967521
Cassandra Fields
DC Bar No. 1011014
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
Email: surbanczyk@wc.com
Email: cfields@wc.com
***Attorneys for Plaintiff, Kevin M. LoVecchio***

Date: March 9, 2017

/s/ *Clifton M. Mount*

Kathleen A. Carey
Bar No: 357990
Chief Counsel - Torts
Clifton M. Mount
Bar No. 417462
Associate General Counsel
Brendan H. Chandonnet
Bar No. 986719
Assistant General Counsel
WMATA
600 Fifth Street, N.W. – 2nd Floor
Washington, D.C. 20001
Telephone: (202) 962-2537
Facsimile: (202) 962-2550
E-mail: cmmount@wmata.com
***Attorneys for Defendant, Washington Metropolitan Area Transit Authority***

## EXHIBIT A

ACKNOWLEDGMENT OF CONFIDENTIAL MATERIAL AND AGREEMENT TO BE BOUND BY THE TERMS OF THE PROTECTIVE ORDER

I, ____________________________declare as follow:

1. I have read the Protective Order issued in this proceeding and agree to be bound by its terms

2. I understand that authorized disclosure or use of documents and information designated as "PROTECTED" will breach this agreement and may subject me to sanctions, among other things.

3. I submit to the jurisdiction of the United States District Court for the District of Columbia, for resolution of any and all disputes regarding the Protective Order, including its interpretation, meaning and construction; disputes regarding or arising from documents and information provided pursuant to or subject to the Protective Order; and, allegations of breach or noncompliance with the Protective Order. I further agree to accept service by mail of any pleading or notice pertaining to this Protective Order, including without limitation its meaning, and specifically including any motion for sanctions.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ______________________________ ______________________________

Declarant

______________________________

Street Address (no post office box)

______________________________

City, State, Zip